```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
```
KENNETH MCGRIFF,

        Petitioner,

  -against-                       **MEMORANDUM AND ORDER**
                                        10-CV-01264 (FB)

UNITED STATES OF AMERICA,

        Respondent.
```
----------------------------------------------------x
```

*Appearances:*

For the Petitioner:
SETH GINSBERG, ESQ.
5 Hanover Square, Suite 5000
New York, NY 10004

CHARLES F. CARNESI, ESQ.
1225 Franklin Avenue, Suite 325
Garden City, NY 11530

For the Respondent:
LORETTA E. LYNCH, ESQ.
United States Attorney
JASON JONES, ESQ.
CAROLYN POKORNY, ESQ.
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Petitioner Kenneth McGriff ("McGriff") seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, his petition is denied.

**I**

      A jury convicted McGriff of the following offenses: (1) racketeering; (2) racketeering conspiracy; (3) two counts of murder-for-hire and conspiracy to commit murder-for-hire; (4) conspiracy to distribute over one kilogram of heroin and cocaine; (5) distribution of heroin and cocaine; and (6) conspiring to engage, and engaging in,

unlawful money transactions. He was sentenced to life imprisonment. His conviction was affirmed on appeal. *See United States v. McGriff*, 287 F. App'x, 916 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 1652 (2009).

In his § 2255 motion, McGriff contends that his trial counsel, David A. Ruhnke, Esq. ("Ruhnke"), was ineffective in the following respects: (1) depriving McGriff of his right to testify at trial; (2) failing to inform the Court that McGriff was confined throughout trial in a manner that impaired his ability to assist in his defense; and (3) failing to seek a post-trial hearing on jury impartiality.

## II

To prevail on his ineffective assistance of counsel claims, McGriff must satisfy the familiar *Strickland* test by showing "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[A] reviewing court must indulge a strong presumption that counsel's [performance] falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Prejudice is shown only if "there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003). Either *Strickland* requirement may be used to dispose of a claim.

2

*See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.").

**A.     Denial of Right to Testify**

McGriff contends that Ruhnke denied his request to testify and failed to inform him that the decision to testify was ultimately his. Without suggesting that counsel performed deficiently, the Court finds McGriff fails to show prejudice on this claim.

At trial, the government presented an abundance of evidence against McGriff. On the drug trafficking charges, the government offered the testimony of two witnesses who engaged in drug transactions with McGriff, as well as a detective who discovered McGriff's fingerprints on items found in a drug stash house. The government also showed that McGriff possessed a loaded firearm, over $10,000 in cash and a fake driver's license in the name of "Lee Tuten" when he was arrested in July 2001. Cooperating witnesses stated McGriff owned a car with a secret compartment that was registered under the alias "Lee Tuten." Detectives located the vehicle and found a balloon filled with heroin and an empty gun magazine in a secret compartment.

On the murder charges, three individuals testified that McGriff hired them to murder Eric Smith and Troy Singleton. A fourth witness testified that McGriff repeatedly stated his desire to kill Smith and Singleton. Additionally, the government showed that McGriff's fingerprints were found on the cover of a cassette tape featuring

3

a video of Smith before his murder. The government also presented text messages sent and received from McGriff's pager. In these exchanges, McGriff communicated with Emanuel Mosley, the leader of the hit squad, about the murder plots.

McGriff vaguely asserts that his testimony would have "soundly discredited" the government's evidence. Pet'r's Mem. of Law at 36. On the drug charges, McGriff maintains that the government's witnesses committed perjury and that events detailed in their testimony never occurred. In regard to the murder plot, McGriff asserts that the evidence against him was an "utter fabrication." McGriff Aff. 7. McGriff also contends that the text message evidence was "incomplete" and that he would have clarified "which ones [he] sent and which ones [he] did not" and that "no text messages from [him] had anything to do with killing anyone." McGriff Aff. 8.

These averments are conclusory and empty. *See Castellano v. United States*, 795 F. Supp. 2d 272, 280 (S.D.N.Y. 2011) (noting that petitioner could not establish prejudice because "he has made no attempt to explain how the substance of his testimony could have changed the outcome of his trial") (quoting *United States v. Betancur*, 84 F. App'x 131, 135 (2d Cir. 2004)). McGriff also completely ignores compelling physical evidence against him. For example, McGriff fails to show how he would rebut the fingerprint evidence. Similarly, McGriff overlooks the fact that heroin and an empty gun magazine were found in a car registered under his "Lee Tuten" alias. Altogether, McGriff fails to demonstrate prejudice on this claim.

### B. Failure to Challenge Confinement Conditions

McGriff next argues that Ruhnke failed to inform the Court that he was confined in a Special Housing Unit ("SHU") of the Metropolitan Detention Center ("MDC") throughout trial, rendering him unable to aid his defense. The record belies this claim. Defense counsel repeatedly petitioned the Court – both in writing and during hearings – regarding the conditions of McGriff's confinement during trial.

In a letter dated December 19, 2006, counsel notified the Court that McGriff remained in the SHU and asked the Court to order his return to the MDC's general population. On December 21, 2006, counsel again asked the Court to order McGriff's release from the SHU to preserve his right to a fair trial. On January 5, 2007, the Court held a status conference at which counsel repeated his concerns over McGriff's confinement in the SHU. During this conference, the Court noted that it had received "very extensive submissions" from counsel regarding McGriff's confinement in the SHU. Hr'g. Tr. (Jan. 5, 2008) at 7. Counsel's efforts culminated in a Memorandum & Order dated January 8, 2007, in which the Court ordered the MDC to release McGriff from the SHU. On January 16, 2007, the Court inquired about McGriff's confinement conditions and Ruhnke informed the Court that McGriff was in a "general population unit" and that while he was "the only inmate on the unit" it was "certainly an improvement." Trial Tr. (Jan. 16, 2008) at 733. Accordingly, the record indicates that Ruhnke actively, and successfully, litigated the issue of McGriff's confinement.

McGriff further asserts that Ruhnke failed to notify the Court that his return to the general population was "illusory." Pet'r's Mem. of Law at 15. McGriff contends that the MDC continued to deny him access to the law library and forced him to review electronic discovery on a computer he did not know how to operate. Assuming *arguendo* that McGriff's allegations are truthful, Ruhnke's performance was still objectively reasonable. Ruhnke was not required to provide McGriff with unfettered access to discovery. *See Rodriguez v. United States*, Nos. 11-CV-6707 (NRB), 09-CR-58 (NRB), 2013 WL 3388223, at *6 (S.D.N.Y. July 8, 2013) ("Defense counsel is not required to present a defendant, for his review, with all discovery material...."). Moreover, Ruhnke states that "Mr. McGriff and I reviewed the evidence together." Ruhnke Aff. 3. His decision to personally review evidence with McGriff falls within the reasonable bounds of professional discretion.[1]

## C. Failure to Seek a Post-Trial Hearing

On the second day of jury deliberations, Juror Twelve sent the Court a note stating her belief that someone in the courtroom connected to McGriff recognized her. The Court instructed the jury to cease deliberations and conducted an individualized *voir dire* of each juror to assess jury taint. Jurors Six and Twelve stated that they were fearful and the Court excused them. All other jurors affirmed their ability to deliberate fairly

---

[1] To the extent McGriff's claim can be read to suggest that the MDC interfered with his ability to assist in his defense, such a claim is without merit and unsupported by the record.

and impartially and the jury resumed deliberations with two alternates. McGriff asserts that Ruhnke erred in failing to seek a post-trial hearing to ascertain whether Juror Twelve's concerns tainted jury deliberations. He did not.

On appeal, McGriff argued that the Court's *voir dire* was insufficient and that a mistrial should have been declared. The Second Circuit disagreed and affirmed the adequacy of the Court's *voir dire*. *See McGriff*, 287 F. App'x at 918 ("[T]he District Court did not abuse its discretion by dismissing Jurors 6 and 12 and ordering the remainder of the jury to return to deliberations."). McGriff fails to demonstrate how another hearing on the issue of juror bias would further his claim that Juror Twelve's concerns necessitated a mistrial. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

## III

For the foregoing reasons, McGriff's motion to vacate his sentence pursuant to § 2255 is denied. As McGriff has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 2, 2014